UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE C. WELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>MENDOCINO COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 19-01345 EJD (PR)<br><br>**ORDER DIRECTING SERVICE OF PLAINTIFF'S AMENDMENT TO THE COMPLAINT; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Mendocino County Jail, where he was formerly housed. On September 11, 2019, the Court found the complaint, liberally construed, stated a cognizable claim for failure to protect and ordered the matter served on Defendants. (Docket No. 11.) On September 26, 2019, Plaintiff filed a "first amended complaint for damages." (Docket No. 20.) The Court granted Defendants' request for an extension of time to file a dispositive motion pending an initial review of the amended complaint. (Docket No. 26.)

The Court has reviewed the amended complaint and finds that Plaintiff intended the document to be an amendment to the original complaint, to provide additional facts in support of his failure to protect claim, rather than an amended complaint that supersedes

the original complaint. (Docket No. 20.) Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Id. The Court finds no reason under Janicki to deny leave to file an amendment to the complaint. Accordingly, the Court will reset the briefing schedule for this action, and the operative complaint in this action remains the original complaint along with the amendment thereto. (Docket Nos. 1, 20.)

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall update the docket to reflect that the document filed under Docket No. 20 is an "Amendment to the Complaint," rather than an amended complaint. The Clerk shall serve a copy of the amendment, (Docket No. 20), on Defendants along with this order. The Clerk shall also mail a copy of this order to Plaintiff.

2. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable in the Court's September 11, 2019 order.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

3

timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __12/16/2019__

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\EJD\CR.19\01345Wells_svc

4